

# Fourth Court of Appeals
## San Antonio, Texas

## MEMORANDUM OPINION

No. 04-14-00079-CV

**IN THE INTEREST OF N.S.**, a Child

From the 407th Judicial District Court, Bexar County, Texas
Trial Court No. 2013-PA-00190
Honorable Charles E. Montemayor, Judge Presiding

Opinion by:     Rebeca C. Martinez, Justice

Sitting:        Sandee Bryan Marion, Justice
                Rebeca C. Martinez, Justice
                Luz Elena D. Chapa, Justice

Delivered and Filed: June 11, 2014

AFFIRMED

S.S. appeals the order terminating her parental rights to her daughter, N.S. The sole issue raised on appeal is a challenge to the sufficiency of the evidence to support the trial court's finding that termination of S.S.'s parental rights was in N.S.'s best interest. We affirm the trial court's order.

## BACKGROUND

On January 28, 2013, a month after N.S.'s birth, the Texas Department of Family and Protective Services ("the Department") filed suit to terminate S.S.'s parental rights to N.S. A bench trial was conducted on January 13, 2014. S.S. appeared at trial by audio conference. S.S. testified that N.S. tested positive for methadone at her birth. S.S. admitted that she was formerly a heroin addict and that N.S. was exposed to heroin in the womb. S.S. also acknowledged that she

committed a drug offense after N.S. was born. She conceded that she had had little contact with N.S. during the pendency of the termination suit. S.S. testified that she had not completed her court-ordered family service plan. At the time of trial, S.S. was enrolled in a mandatory drug rehabilitation program; she was due to be released to a halfway house soon, where she would spend three months. She stated that she was not able to provide N.S. a safe and stable home, and admitted that she has never supported N.S. in any way. S.S. testified that her parental rights to two of her other children were previously terminated due to physical abuse.

The Department caseworker testified that S.S. had not maintained significant contact with N.S. during the pendency of the suit, and had only visited the child twice during the 4-6 months that the child was in the State's care. She stated that S.S. has not demonstrated that she can provide N.S. with a safe and stable home. The caseworker further stated that S.S. has not completed any of the services required to complete her family service plan. Although N.S. suffered withdrawal symptoms for several months after birth, she has done amazingly well in her placement with her maternal grandmother. They are very bonded, and the caregiver can meet N.S.'s needs. The caseworker stated that it is in N.S.'s best interest to permanently stay with her grandmother. After hearing the evidence, the trial court terminated S.S.'s parental rights.

## STANDARD OF REVIEW

To terminate parental rights pursuant to section 161.001 of the Family Code, the Department has the burden to prove: (1) one of the predicate grounds in subsection 161.001(1); and (2) that termination is in the best interest of the child. *See* TEX. FAM. CODE ANN. § 161.001(1), (2) (West 2014); *In re A.V.*, 113 S.W.3d 355, 362 (Tex. 2003). The applicable burden of proof is the clear and convincing standard. TEX. FAM. CODE ANN. § 161.206(a) (West 2014); *In re J.F.C.*, 96 S.W.3d 256, 263 (Tex. 2002). "'Clear and convincing evidence' means the measure or degree

of proof that will produce in the mind of the trier of fact a firm belief or conviction as to the truth of the allegations sought to be established." TEX. FAM. CODE ANN. § 101.007 (West 2014).

In reviewing the legal sufficiency of the evidence to support the termination of parental rights, the court must "look at all the evidence in the light most favorable to the finding to determine whether a reasonable trier of fact could have formed a firm belief or conviction that its finding was true." *In re J.F.C.*, 96 S.W.3d at 266. "[A] reviewing court must assume that the factfinder resolved disputed facts in favor of its finding if a reasonable factfinder could do so." *Id.* "A corollary to this requirement is that a court should disregard all evidence that a reasonable factfinder could have disbelieved or found to have been incredible." *Id.*

In reviewing the factual sufficiency of the evidence to support the termination of parental rights, a court "must give due consideration to evidence that the factfinder could reasonably have found to be clear and convincing." *Id.* "If, in light of the entire record, the disputed evidence that a reasonable factfinder could not have credited in favor of the finding is so significant that a factfinder could not reasonably have formed a firm belief or conviction, then the evidence is factually insufficient." *Id.*

### PREDICATE FINDINGS

S.S. does not challenge the sufficiency of the evidence to support the predicate findings, which included findings that S.S.:

> (1) had her parent-child relationship terminated with respect to another child based on a finding that [S.S.] knowingly placed or knowingly allowed the child to remain in conditions or surroundings which endangered the physical or emotional well-being of the child, or that [S.S.] engaged in conduct or knowingly placed the child with persons who engaged in conduct which endangered the physical or emotional well-being of the child;
>
> (2) constructively abandoned [N.S.] who ha[d] been in the permanent or temporary managing conservatorship of the [Department] for not less than six months and: (a) the [Department] ha[d] made reasonable efforts to return [N.S.] to [S.S.]; (b) [S.S.]

ha[d] not regularly visited or maintained significant contact with [N.S]; and (c) [S.S.] ha[d] demonstrated an inability to provide [N.S.] with a safe environment;

(3) failed to comply with the provisions of a court order that specifically established the actions necessary for [S.S.] to obtain the return of [N.S.] who ha[d] been in the permanent or temporary managing conservatorship of the [Department] for not less than nine months as a result of [her] removal from [S.S.]; and

(4) used a controlled substance in a manner that endangered the health and safety of [N.S.], and (a) failed to complete a court-ordered substance abuse treatment program; or (b) after completion of a court-ordered substance abuse treatment program continued to abuse a controlled substance[.]

### BEST INTEREST FINDING

In reviewing the sufficiency of the evidence to support the best interest finding, we apply the factors set out in *Holley v. Adams*, 544 S.W.2d 367, 371-72 (Tex. 1976). Those factors include: (1) the desires of the child; (2) the present and future emotional and physical needs of the child; (3) the present and future emotional and physical danger to the child; (4) the parental abilities of the individuals seeking custody; (5) the programs available to assist these individuals to promote the best interest of the child; (6) the plans held by the individuals seeking custody for the child; (7) the stability of the home of the parent and the individuals seeking custody; (8) the acts or omissions of the parent which may indicate that the existing parent-child relationship is not a proper one; and (9) any excuse for the acts or omissions of the parent. *Id.* The foregoing factors are not exhaustive, and "[t]he absence of evidence about some of [the factors] would not preclude a factfinder from reasonably forming a strong conviction or belief that termination is in the child's best interest." *In re C.H.*, 89 S.W.3d 17, 27 (Tex. 2002).

The trial court, as factfinder, heard evidence that N.S. tested positive for methadone at her birth and was exposed to heroin in the womb. During the pendency of the termination suit, S.S. committed a drug offense and visited N.S. only two times. S.S. had not made any progress in completing her court-ordered family service plan. S.S.'s parental rights to two of her other children

were previously terminated due to physical abuse. S.S. was not bonded to N.S. and was unable to support N.S. physically, emotionally, and financially. Although N.S. suffered withdrawal symptoms due to her mother's heroin use during pregnancy, N.S. was thriving with her maternal grandmother, who had plans to adopt her. *See* TEX. FAM. CODE ANN. § 263.307(a) (West 2014) (prompt and permanent placement of child in safe environment presumed to be in best interest of child). Based on the foregoing facts, the trial court could have formed a firm belief or conviction that it was in N.S.'s best interest that S.S.'s parental rights be terminated.

## CONCLUSION

The order of the trial court is affirmed.

Rebeca C. Martinez, Justice